NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PAUL T. CHALSTROM,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7033

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-713, Judge Bruce E. Kasold.

---

Decided: December 9, 2010

---

MICHAEL J. CARROLL, Babich, Goldman, Cashatt & Renzo, Des Moines, Iowa, for claimant-appellant.

COURTNEY S. MCNAMARA, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assis-

tant Attorney General, JEANNE E. DAVIDSON, Director, and HAROLD D. LESTER, JR., Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and DANA RAFFAELLI, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before DYK, PROST, and MOORE, *Circuit Judges*.

PROST, *Circuit Judge*.

Appellant Paul T. Chalstrom appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), affirming the Board of Veterans' Appeals' ("Board's") denial of his claim for entitlement to service connection for nephropathy, gout, and hypertension. *Chalstrom v. Shinseki*, No. 08-713, 2009 WL 3157583 (Ct. Vet. App. Oct. 2, 2009). We *dismiss* for lack of jurisdiction.

BACKGROUND

Mr. Chalstrom served on active duty in the United States Army from June 1969 through March 1971. Based on his service, Mr. Chalstrom filed a claim for service connection for nephropathy, gout, and hypertension with the U.S. Department of Veterans Affairs ("VA") Regional Office ("RO"). In June 2004, the RO denied service connection for nephropathy. In October 2006, the RO also denied service connection for gout and hypertension. Mr. Chalstrom appealed to the Board.

The Board noted that Mr. Chalstrom's service medical records did not contain evidence of nephropathy, gout, or hypertension. Further Mr. Chalstrom's nephropathy was

diagnosed twenty years after service discharge, his hypertension was diagnosed twenty-five years after discharge, and his gout was diagnosed more than thirty years after discharge. Weighing the available evidence, the Board determined that the preponderance of evidence was against Mr. Chalstrom's claims.

The Veterans Court affirmed the decision of the Board. The Veterans Court noted that the Board weighed the available VA medical opinions and the opinion of a private nurse practitioner and determined that the private nurse practitioner's opinion was based on factual error. *See Chalstrom*, at *2. Thus, the Veterans Court held that the Board's decision denying service connection for nephropathy, gout, and hypertension was not clearly erroneous. *Id.*

## DISCUSSION

On appeal, Mr. Chalstrom argues that the private medical opinion evidence in support of his claim of service connection is at least in equipoise with the VA examinations and that the Veterans Court therefore erred in not giving him the benefit of the doubt. *See* 38 U.S.C. § 5107. Mr. Chalstrom asks this court to either reverse the Veterans Court's determination as clearly erroneous or remand for further consideration of the private medical opinion.

The government argues that Mr. Chalstrom should be precluded from raising his argument that the evidence of the private and VA medical opinions are at least in equipoise. The government contends that this argument was not raised before the Veterans Court. The government further asserts that even if the new argument is not waived, this court should dismiss for lack of jurisdiction. Finally, the government asserts that the Veterans Court

properly determined that the Board did not clearly err and that a remand would be inappropriate because the Veterans Court is not authorized to weigh the evidence.

"Our jurisdiction to review the decisions of the [Veterans Court] is limited by statute." *Summers v. Gober*, 225 F.3d 1293, 1295 (Fed. Cir. 2000). While this court is authorized to "decide all relevant questions of law, including interpreting constitutional and statutory provisions," we cannot adjudicate "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," unless a constitutional issue is presented. 38 U.S.C. § 7292(d).

As a preliminary matter, we note that—at the Veterans Court—Mr. Chalstrom raised the argument that "the Board's statement of reasons or bases is inadequate with regard to its assignment of greater weight to the 2006 VA medical opinion (and a 2004 VA medical opinion) than to an April 2006 nurse practitioner's opinion." *Chalstrom*, at *2. However, even accepting his arguments on appeal as not being waived is of no moment because we lack jurisdiction over his appeal. Mr. Chalstrom's arguments would require this court to review the record evidence on the merits. We are not authorized by Congress to review a challenge to a factual determination or to a law or regulation as applied to the facts of a particular case unless the appeal presents a constitutional issue. *See* 38 U.S.C. § 7292(d)(2). Because Mr. Chalstrom does not raise a constitutional issue that provides a basis for our court to hear his case, we lack jurisdiction over his appeal.

## COSTS

Each party shall bear its own costs.

**DISMISSED**